**MARTIN, Guardian-Appellant, v. MARTIN, Ward-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21287.   Decided May 16, 1949.

Albert D. Nesbitt, Cleveland, for guardian-appellant.
Walter T. Matia, for ward-appellee.

**OPINION**

By FESS, J.

This is an appeal on questions of law from an order of the Probate Court upon exceptions to a final account of appellant as guardian surcharging appellant with the sum of $500.00 and disallowing in part a claim in the sum of $1,179.94 on the part of the guardian for support of herself as dependent spouse of the ward and minor child.

Paul Martin entered the State Hospital on October 15, 1947. On January 28, 1948, Mary Martin, his wife, was appointed guardian of his person and estate, and qualified by giving bond on January 31, 1948.

Paul Martin having been discharged from the hospital, a motion to terminate the guardianship was filed June 12,

1948. On the same date the appellant filed her inventory as guardian which did not include $500.00 in cash which the ward claimed was among his assets secreted in their home prior to his leaving for the hospital. The order of the Court amending the account to include this item of $500.00 we find to be manifestly against the weight of the evidence.

On July 16, 1948, appellant filed an application setting forth that it was necessary for her as guardian and wife to make certain charges against the estate for necessaries in the sum of $1,179.94 to support the lawful dependents of the ward and prayed for an order authorizing her to charge said sum against the estate.

After hearing the court found said sum to be in excess of the reasonable needs of the wife for support for the period from January 28th, to June 25, 1948, and that the sum of $625.00 was sufficient to provide for her and to reimburse her for any funds she may have advanced to the ward.

On this appeal, appellant contends that she is entitled to an allowance for support of herself and minor child from the time her husband entered the hospital in October, 1947, and that the court erred in limiting the allowance to the period of guardianship alone.

Under §7997 GC, a husband must support his wife and minor children out of his property or his labor. If he is unable to do so, the wife must assist him so far as she is able. His liability for necessaries furnished his wife is not affected by the fact that he may be insane. **Badger v. Orr, 1 Oh Ap 293.**

The inventory filed by the guardian discloses $4,000.00 in cash and bonds as well as a one-half interest in real estate occupied as their home, so the ward's estate was ample to provide support for his wife and minor child for a reasonable period of time. The fact that the wife and child were employed and had some income did not relieve the husband from his duty to support them. The reasonable value of the support of the wife and child for the period prior to the appointment of the guardian was therefore a valid claim against the estate and should have been allowed. **Cf. Louden v. Patterson, 41 Oh St 206.** In passing it may be noted that the appellant made no claim for compensation for services as guardian, §10506-52 GC.

Judgment reversed and cause remanded to the Probate Court for further proceedings according to law. Exc. Order See Journal.

SKEEL, PJ, HURD, J, concur.